# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2020-0242, <u>Alyssa Pittera v. Taylor Mauck</u>, the court on February 25, 2021, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). The defendant, Taylor Mauck, appeals the order of the Circuit Court (<u>LeFrancois</u>, J.) in an action brought by the plaintiff, Alyssa Pittera, for damages under RSA 540-A:4 (Supp. 2020). The defendant challenges the trial court's finding that he locked the plaintiff out of the leased premises in violation of RSA 540-A:3, II (Supp. 2020), and its damage award of $1,000 pursuant to RSA 540-A:4, IX(a), plus costs of $79.31. We affirm.

We will not disturb the trial court's factual findings on appeal unless they lack evidentiary support or are erroneous as a matter of law. <u>Lane v. Barletta</u>, 172 N.H. 674, 676 (2019); <u>see</u> RSA 540-A:4, V (Supp. 2020). We review questions of law <u>de novo</u>. <u>Lane v. Barletta</u>, 172 N.H. at 677. In this case, the trial court found that the defendant violated RSA 540-A:3, II, which provides: "No landlord shall willfully seize, hold, or otherwise directly or indirectly deny a tenant access to and possession of such tenant's rented or leased premises, other than through proper judicial process."

This dispute relates to the defendant's property in Northwood, which the defendant leased to the plaintiff. On appeal, the defendant argues that there was no residential lease agreement between himself and the plaintiff, that the property was a "shared facility" as defined by RSA 540-B:1 (2007), and that the property was a single-family home in which he was the primary resident. For each of these reasons, he argues, the trial court erred in awarding damages under RSA 540-A:4, IX(a).

The defendant's brief does not contain references to the record to show that he raised his issues in the trial court. To the extent that he raised issues of law in his motion to dismiss, he did not provide copies of his motion or the trial court's order on his motion for our review. The appealing party has the burden to provide this court with a sufficient record to decide his issues on appeal and to demonstrate that he raised his issues in the trial court. <u>See Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250-51 (2004); <u>see also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

To the extent that the defendant challenges the trial court's factual findings, we will affirm the trial court's findings if they are reasonably supported by the record.  Lane v. Barletta, 172 N.H. at 676-77.  The trial court found that, for purposes of RSA 540-A:3, II, the defendant was a "landlord," the plaintiff was a "tenant," and that, on September 8, 2019, the defendant denied the plaintiff access to her leased premises, without legal authority, by locking the entrance door to the building.  Although there was conflicting evidence, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence.  O'Malley v. Little, 170 N.H. 272, 275 (2017).  Having reviewed the record, we conclude that it reasonably supports the trial court's findings, and that the court's order contains no legal error.  See Lane v. Barletta, 172 N.H. at 676-77.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**